UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LATOYA D. HOLSEY,

       Petitioner,

v.                                             Case No. 3:18-cv-410-J-34JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

       Respondents.

_____

## ORDER

### I. Status

Petitioner Latoya Holsey, an inmate of the Florida penal system, initiated this action on March 23, 2018,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, Holsey challenges a 2014 state court (Duval County, Florida) judgment of conviction for burglary of a dwelling and possession of controlled substance paraphernalia. Holsey raises two grounds for relief. See Petition at 2-5.[2] Respondents have submitted an answer in opposition to the Petition. See Motion to

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

Dismiss Petition for Writ of Habeas Corpus (Response; Doc. 7) with exhibits (Resp. Ex.).

Holsey declined to file a brief in reply. See Doc. 9. This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that this action is untimely. Response at 2-10. In her Petition, Holsey argues that the Petition is timely because she filed two postconviction motions that tolled the statute of limitations. The following procedural history is relevant to the one-year limitations issue.

Holsey entered an open plea of guilty to burglary of a dwelling (count one) and possession of controlled substance paraphernalia (count two). Resp. Ex. A at 40-41. On July 14, 2014, the trial court sentenced Holsey to a term of incarceration of fifteen years in prison, with a fifteen-year mandatory minimum, as to count one and two days in jail as to count two, which the circuit court ordered to run concurrently with the sentence imposed on count one. Id. at 54-61. Holsey appealed and on January 8, 2015, Florida's First District Court of Appeal per curiam affirmed her convictions and sentences and issued the Mandate on February 3, 2015. Resp. Ex. D.

As Holsey's convictions and sentences became final after the effective date of AEDPA, her Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Holsey's convictions and sentences became final when the time for filing a petition for certiorari in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). Therefore, Holsey's judgment became final ninety days after January 8, 2015, which was April 8, 2015. See Chavers v. Sec., Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006). Accordingly, Holsey had until April 8, 2016, to file a federal habeas petition. Holsey did not file the instant Petition until March 23, 2018. Thus,

the Petition is due to be dismissed as untimely unless she can avail herself of the statutory provisions which extend or toll the limitations period.

On September 1, 2015, after 145 days of the one-year period had run, Holsey tolled the statute of limitations by filing a pro se motion to reduce her sentence, which the postconviction court construed as being filed pursuant to Florida Rule of Criminal Procedure 3.800(c). Resp. Ex. E. The postconviction court denied the motion in an order filed on September 16, 2015. Id. The statute of limitations began to run again until it expired on April 26, 2016. Holsey did not file another postconviction motion until August 5, 2016, Resp. Ex. F; however, by that time, 467 days had already elapsed. Thus, the instant Petition, filed on March 23, 2018, is untimely. Holsey does not argue equitable tolling applies nor does she contend that she is actually innocent. Therefore, based on this record, the Petition is due to be dismissed as untimely.

### III. Certificate of Appealability

### Pursuant to 28 U.S.C. § 2253(c)(1)

If Holsey seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Holsey "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v.

4

Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DISMISSED WITH PREJUDICE**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing the Petition and dismissing this case with prejudice.

3. If Holsey appeals the dismissal of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of October, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C:  Latoya Holsey #155108
    Counsel of record